**American Cigar Company, Appellee, v. J. Berger et al. In the matter of contempt petition filed against Dora Siegel et al., Appellants.**

### Gen. No. 26,043.

1. CONSPIRACY—*establishing of picket line as evidence of intent to intimidate.* The very act of establishing a picket line is evidence of an intention to annoy, embarrass and intimidate the employees of the employer against whom it is directed, whether resort was had to physical violence or not.

2. INJUNCTION—*what constitutes violation of injunction against picketing.* The act of strikers subject to an injunction order restraining them from picketing, as to which there had been convictions on previous rules to show cause, in patrolling the streets with placards reading "32 convicted for peaceful picketing. We'll not yield this right. What'll you do about it?" and thus openly defying the court, was in itself such a contempt as would justify sentences imposed by the court.

3. INJUNCTION—*when punishment not excessive.* Sentences vary-ing from 10 to 30 days and fines of from $250 to $500, with some sentences to both a period of imprisonment and a fine, were not too severe for contempts of court in violations of an injunction against picketing, and intimidation of appellee's employees, where some of respondents had previously been once or twice convicted of similar violations of the same injunction and where, in addi-tion to picketing, respondents patrolled the streets carrying placards openly defying the court.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1920.    Affirmed.    Opinion filed June 18, 1921.    Rehearing denied July 15, 1921.

DANIEL L. CRUICE and FRED C. G. SCHMIDT, for appellants.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from an order finding appellants guilty of contempt of court and punishing them there-for, on a hearing upon a petition for a rule to show cause, which petition charged appellants with viola-tions of an injunction theretofore issued pursuant to the prayer of a bill filed by the complainant, American Cigar Company.

On motion of appellee, this cause was duly consoli-dated for hearing with the cases No. 25,573, No. 25,718, *ante,* pp. 299, 285, and No. 26,044, *post,* p. 339.    The in-junction order involved in the case at bar is the same order involved in the other three cases referred to, in which we are this day filing opinions.    All these cases involved appeals by the respondents in the respective cases from orders finding them guilty of contempt of court, by reason of acts committed by them in viola-tion of the provisions of the injunction order referred to.    The first petition to show cause (case No. 25,718,

*ante*, p. 285) was filed February 5, 1919, and the order appealed from in that case was entered March 25, 1919. The next petition to show cause (case No. 25,573, *ante*, p. 299) was filed April 12, 1919, and the order in that case was entered June 21, 1919. The facts involved in these two matters are fully covered in the opinions we have filed in these cases and they will not be recited further here.

The petition involved in the case at bar was filed by the appellee company on July 17, 1919, asking for a rule on the appellants, twelve in number, to show cause why they should not be punished for contempt of court by reason of their continued violation of the injunction referred to.

The appellants involved in the case at bar include some who were involved in both the previous rules, some involved in only one of the previous rules and others who had not been involved in either of the previous rules.

The petition alleged that, notwithstanding the injunction order and the proceedings had in connection with the two previous rules to show cause, the appellants had continued the conspiracy charged in the original bill and in the prior petitions to show cause and that in further wilful and open violation of the injunction order they had continued to collect in and about the approaches to the factory of the appellee company and to picket and patrol the streets and approaches thereto, in order to interfere with, annoy and molest the employees of the appellee as they went to and from their daily work. The petition further alleged that since the entering of the order of June 21, 1919, in addition to carrying the sign, which the pickets had carried previous to that time, bearing the legend, "Locked Out La Preferentia Cigar Factory," with numerals indicating the number of weeks the strike had been in progress, they had, since the day of the last order, worn signs bearing in large letters

the words, "32 Convicted for Peaceful Picketing. We'll not yield this right. What'll you do about it?" The petition further alleged that the respondents, and others of the strikers alternating with them, were picketing the factory of the appellee from 7:00 o'clock a. m. until 5:30 o'clock p. m., and that their actions in so doing operated to intimidate appellee's employees and hinder them from giving appellee proper service and thus interfered with and interrupted appellee's business. The appellants answered the petition admitting such of the allegations in the petition as were of record but neither admitting nor denying the allegations of fact involving their alleged conduct since the entering of the previous order of June 21, 1919.

On the return of the rule the appellee submitted testimony tending to support the allegations in its petition. The appellants submitted no testimony and filed no affidavits. The trial court invited them to explain their conduct but they declined to do so. At the conclusion of the hearing the court found the appellants guilty of contempt of court and sentenced them to serve various periods of time in the county jail and also to pay fines in varying amounts. The fines varied in amount from $250 to $500 and the jail sentences varied in length from 10 days to 30 days. Some of the appellants were sentenced to a period of imprisonment and also to pay a fine.

In the case at the bar it was neither alleged nor proven that the appellants had engaged in any open violence since the court had entered the last order on June 21, 1919, but it was both alleged and proven that they had continued in their picketing of the immediate vicinity of the factory of the appellee company. In support of their appeal the appellants contend that this conduct on their part did not violate any of the provisions of the injunction order and in this con- nection they have referred us to *Illinois Malleable*

*Iron Co. v. Michalek,* 279 Ill. 221. That case is not in point by reason of the fact that the conduct of the appellants, complained of in the case at bar, is wholly different from the conduct of the strikers, of which complaint is made in the case cited. The injunction order involved in the case at bar prohibited appellants ''from congregating or being upon or about the sidewalks, streets, alleys and approaches adjoining or adjacent to the premises so occupied by said company for the -purpose of intimidating its employees,'' and also ''from singly or in combination with others collecting in and about the approaches to the factory building and place of business of said company for the purpose of picketing or patrolling or guarding the streets, avenues and approaches to said place of business of said company with the purpose and intent of intimidating, threatening, forcing or persuading any of its employees.''

It is abundantly established by the proof submitted by appellee that since the entering of the last order, appellants with others of the strikers had continued to collect in and about the streets adjoining appellee's factory and had continued to picket and patrol the adjacent approaches to the factory, but it is contended by appellants that the evidence fails to establish that this conduct on their part was for the purpose of intimidating appellee's employees. We will not repeat what we have said in the opinion filed in case No. 25,573, *ante,* p. 299 to the effect that the very fact of establishing a picket line, by appellants, is evidence of their intention to annoy, embarrass and intimidate the employees of the appellee company, whether they resorted to physical violence or not. The decisions of our Supreme Court cited by us in our opinion filed in the case last referred to, abundantly established that as the law of this State.

But, in the case at bar, we have more than a mere establishment of a systematic system of picketing by

appellants, for the evidence shows that in connection with their picketing they also bore placards reading, "32 Convicted for Peaceful Picketing. We'll not yield this right. What'll you do about it?" These placards unmistakably referred to the order which the court had entered on June 21, 1919, finding 32 of the strikers guilty of contempt of court. The act of patrolling the street with such placards and thus openly defying the court which had entered the order referred to was, in itself, such a contempt as would have justified the sentences which the court imposed upon the appellants. The courts are, and were then, open to appellants for the purpose of obtaining relief from any order which the court may have entered, and the law furnishes appellants ample means of obtaining such relief in an orderly and proper manner, in case the order complained of for any reason should not have been entered or if for any reason it was erroneous as entered. Indeed, the appellants sought to avail themselves of the remedy which the law provided for them, by praying and perfecting an appeal from the order in question, but appellants seem not to have been satisfied with an orderly pursuit of their legal remedy and they went out upon the public streets bearing placards such as have been referred to.

In the case at bar, as in the other cases referred to, the appellants contend in support of their appeal that the injunction order violated certain provisions of the Constitution of the United States and of the State of Illinois. For the reasons given in our opinion filed in case No. 25,718, *ante,* p. 285, these contentions are not tenable.

Appellants further contend that the severity of the punishment imposed by the court upon them is not in proportion to the offenses alleged to have been committed. For the reasons we have referred to above, we are of the opinion that such is not the case. To us it seems exceedingly unfortunate that after our

Supreme Court has repeatedly held that ''peaceful picketing'' so-called, is illegal and that, therefore, according to the established law of this State, there is no such thing as peaceful picketing, by reason of the fact that picketing itself establishes an intention to intimidate and coerce, and after such conduct has been indulged in and complaint has been made of it and the court has ordered it to cease, a number of men and women, with due notice of the law and of the court's order, should nevertheless persist in continuing in defiance of the law and the court, and especially so after the court has been twice called upon to punish the violators of these orders, and still more unfortunate is it when we find those who will not only persist in their refusal to obey the orders of constituted legal authority, which is found in the courts, but will go so far as to parade the public streets bearing a placard claiming the right to do what our courts have repeatedly said they do not have the right to do, under our laws, and boasting that they will not yield this right which they claim, and virtually daring the authorities to prevent a continuance of their conduct.

We find no error in the record and, therefore, the order of the superior court is affirmed.

*Affirmed.*

TAYLOR, P. J., and O'CONNOR, J., concur.